29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karnail Singh VIRK, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70824.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided July 18, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karnail Singh Virk ("Virk"), a citizen of India, petitions for review of a final order of the Board of Immigration Appeals ("BIA"), ordering him deported to India and denying him voluntary departure. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 After conducting a de novo review of the record and making independent determinations of fact, the BIA concluded that clear, unequivocal and convincing evidence showed that Virk had entered into a fraudulent marriage to obtain permanent resident status, making him deportable under 8 U.S.C. Sec. 1251(a)(1). The BIA relied heavily on the testimony of Virk's estranged wife, Brenda Young Virk, who stated that the marriage had been arranged by third parties for the sole purpose of obtaining a green card for Virk, that she first met Virk only one week before the marriage, and that she had received a series of payments for agreeing to marry Virk, culminating in a $1,000 payment from Virk himself when he received his green card. Virk contends that the BIA erred in finding Brenda Virk's testimony credible, and in discounting or ignoring other evidence that tended to show that the marriage was legitimate.
 
 
 4
 Substantial evidence supports the Board's conclusion that Ms. Virk's testimony was credible. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). Although it is true that, at the time of the hearing, Ms. Virk faced federal criminal charges stemming from her participation in an alleged marriage fraud ring, and that the government had told her that she would not be prosecuted if she testified truthfully, a reasonable factfinder could have found her testimony credible. See INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992). In particular, Ms. Virk's detailed description of the circumstances leading up to the marriage, her admission that she agreed to the marriage in order to obtain cash to support her drug addiction, her candid description of her drug problems, and her explanation of how she had fallen in love with Virk in the months following the sham marriage, all support the BIA's finding that her testimony was "straightforward and credible." Moreover, in view of Ms. Virk's convincing account of the illicit dealings that originally induced her to marry Virk, the BIA had a sound basis for discounting the sworn affidavits previously prepared by Ms. Virk, and for concluding that Virk's testimony that he met his wife-to-be in a grocery store shortly after his arrival in the United States was self-serving and not credible.
 
 
 5
 Contrary to Virk's contentions, the BIA did not ignore or unreasonably discount the evidence in the record in his favor. The BIA expressly mentioned the rent receipts, letters from Virk's relatives, and other evidence that he and Ms. Virk lived together after the marriage, as well as the portions of Ms. Virk's testimony in which she explained that, subsequent to the marriage, she had fallen in love with Virk, and that she continued to love him even after she moved to Oregon and became involved with someone else. As the BIA properly noted, and as the INS emphasizes on appeal, the determination of whether an alien has entered into a marriage for purposes of circumventing the immigration laws depends on whether the alien and his or her betrothed intended to establish a life together at the time of the marriage. See Bu Roe v. INS, 771 F.2d 1328, 1331 (9th Cir.1985). Thus, despite the indications in the record that Ms. Virk developed an emotional tie with Virk subsequent to the marriage, the BIA did not err in finding Virk deportable based on the evidence that Virk originally entered into the marriage solely in order to obtain permanent resident status.
 
 CONCLUSION
 
 6
 We hold that substantial evidence supports the BIA's credibility determinations, and conclude that Ms. Virk's detailed and unambiguous statements concerning the circumstances leading up to the marriage provide clear, unequivocal and convincing evidence that the marriage was entered into to circumvent the immigration laws. Accordingly, we AFFIRM the decision of the BIA and DENY Virk's petition for review.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3